W. H. RYUS, Respondent. v. WEEKS-BETTS HARDWARE CO., Appellant.

Springfield Court of Appeals, January 29, 1914.

1. **CONTRACT OF SALE:** Action on: Evidence Reviewed. Action on contract of sale to defendant of a complete gasoline engine. Evidence examined and *held* not to show that the burner was not with the engine when received by defendant.

2. **PLEADINGS:** Contract of Sale: Sufficiency of Petition. Action on contract for sale of a complete gasoline engine. Although petition did not specifically allege that defendant accepted the engine within the ten days provided in the contract of sale, yet an allegation that defendant retained the

engine and did not return the same to plaintiff as per agreement in case of nonacceptance was sufficient.

Appeal from Jasper County Circuit Court. Division No. Two.—*Hon. D. E. Blair*, Judge.

AFFIRMED.

*Horace Meritt*, for appellant.

(1) It was incumbent upon the respondent as the plaintiff, in order to hold the purchaser, to not only plead, but show the fulfillment of the conditions; the acceptance of the engine one of the necessary conditions to recovery is neither pleaded nor shown, but, on the contrary, the fact that the appellants refused to accept said engine is an admitted fact throughout the record. Nichols-Shepard Co. v. Rhoadman, 112 Mo. App. 299; Nichols-Shepard Co. v. Bryeans, 116 Mo. App. 693; Bank v. Barts, 130 Mo. App. 635; Gaar-Scott & Co. v. Nelson, 116, Mo. App. 66. (2) One of the conditions precedent to recovery was that the appellant accept and pay for the engine in ten days. It was necessary to allege and prove that the defendant did accept within the ten days. Connelly v. Priest, 72 Mo. App. 673; 9th Cyc., 699-700; Garrow v. Davis, 15 Howard 272. (3) The real party in interest was the owner of the engine. The contract was made for benefit of an undisclosed principal and which was disclosed at the trial, and upon this disclosure the court should have dismissed the suit because not brought in the name of the real party in interest. R. S. 1909, Sec. 1729.

*Frank L. Forlow*, for respondent.

(1) The fact that appellant retained the engine and did not return it within 10 days as per contract was conclusive evidence that they accepted it. (2) Appellant undertakes to make a point that the real

party in interest does not bring the suit, and that this was disclosed on the trial, and the court should have dismissed the cause for this reason and cites Sec. 1729, R. S. 1909. If the appellant had read Sec. 1730, R. S. 1909, he certainly would not have made this point. Said section reads as follows: "An executor or administrator, a trustee of an express trust or a person expressly authorized by statute, may sue in his own name without joining with him the person for whose benefit the suit is prosecuted. A trustee of an express trust within the meaning of this section shall be construed to include a person with whom or in whose name a contract is made for the benefit of another."

ROBERTSON, P. J.—Upon the date therein designated, plaintiff and defendant entered into the following contract:

"Prosperity, Mo., May 10, 1906.

"W. H. Ryus sells to Weeks-Betts Hardware Company one 16 H. P. Gasoline all complete engine for $200. Payments are to be made as follows: Cash down twenty-five dollars and the balance in ten days provided the said Weeks-Betts Hardware Company accept the engine, if they do not accept the engine and pay for it in that time, said Weeks-Betts Hardware Company agree to deliver the engine to Webb City, Missouri, at the place that W. H. Ryus specifies. Then the twenty-five is to be forfeited to W. H. Ryus, in the case they do not accept the engine and pay for same. There is to be no expenses charged W. H. Ryus for drayage or repairs on said engine.

"In case that we do not take the engine we agree to deliver the engine in as good condition as it now is.

"Signed,

WEEKS-BETTS HARDWARE COMPANY,

By C. E. WEEKS.

W. H. RYUS."

Soon thereafter a representative of the defendant went to the place where said engine was stored and removed it to their place of business at Prosperity, near Webb City. A few days after removing the engine defendant's representative went to plaintiff's home in Webb City and stated to plaintiff that the head of the engine was broken and wanted to know where he could get a head for it. Plaintiff says he advised him where he could get it; that the representative of defendant expressed doubt as to whether he could run the engine and plaintiff told him if he did not want the engine to deliver it to plaintiff on his lot in Webb City. Defendant's representative testified that he and plaintiff agreed that plaintiff should order and pay for this new head, but the plaintiff strenuously denies this. About a year after this contract was entered into the plaintiff sent a man to defendant's place of business to secure a burner for a gasoline engine and some packing and the defendant gave him a burner and packing from this particular engine, for which the defendant thereafter rendered to plaintiff a bill, which he paid. The representative of defendant who transacted this business was a witness for defendant in the trial of the case and testified that the engine was complete at the time the defendant entered into this contract and received the engine. There is some testimony which has led counsel for defendant to insist that the burner was not with the engine at the time defendant received it, but, if that is material, we are of the opinion that the contention is not sustained by the testimony. Also, the court, under a declaration of law given at defendant's request, found against it on that point. Defendant's representative testified that "the only incomplete thing about the engine was the burner which Mr. Ryus came and got." "Q. That was not on the engine when you got it? A. No, sir." The plaintiff testified that this burner was not sent for until long after the defendant received the engine, and the defend-

ant's bill for it, which was offered in evidence and undenied by defendant, is dated May 13, 1907; hence, we think the defendant is clearly in error on this contention and that the trial court properly so found.

It will be observed that the contract provides that, "There is to be no expenses charged W. H. Ryus for drayage or repairs on said engine." Therefore, the only complaint under this contract which the defendant could urge against the transaction would be that the engine was incomplete. The testimony discloses beyond controversy that it was complete and, under the contract, which was written at the dictation of defendant's representative, there was no duty devolving upon the plaintiff other than to deliver a complete engine. The contract anticipates the necessity for repairs.

The defendant made its fight in the trial court upon the theory that plaintiff had agreed to furnish a new head, that this constituted a modification of the original contract, and if thereafter the engine was sold to defendant and defendant notified plaintiff it would not accept the engine and plaintiff refused to designate the place in Webb City where defendant should deliver the engine, that then the plaintiff could not recover.

Plaintiff charges in his petition the execution of the contract, which is copied therein, and then alleges "that the defendant retained said engine and did not return same to plaintiff at Webb City as it agreed to do in case it did not accept it." And further that the defendant paid the twenty-five dollars mentioned in the contract and "that there is still due owing and unpaid to plaintiff under the terms of said contract above set forth the sum of $175." And, further, "that under the terms of said agreement made and entered into as above stated between plaintiff and defendant and by reason of the failure of the defendant to pay the plain-

tiff the balance due thereon, there is due owing and unpaid to plaintiff the sum of $175."

The defendant answered by denying "each and every material allegation had and made in plaintiff's petition, except such as shall be hereinafter admitted." Defendant then admits the execution of the contract, the payment of twenty-five dollars, and alleges that it took the engine to its place of business in Prosperity and attempted to operate the same when it found the engine was not complete in that the head was broken, and that the defendant at the special instance and request of the plaintiff ordered a new head at a cost of $15.75, but that the plaintiff had failed and refused to pay; that after trying the engine with the new head defendant was not able to operate the same and notified the plaintiff and offered to return it to him, but that the plaintiff refused to accept it or designate any place in Webb City for its delivery, and prayed judgment against plaintiff for $15.75.

To this answer the plaintiff filed a reply and the trial proceeded before the court without a jury and resulted in a judgment in favor of the plaintiff for the full amount sued for, from which judgment the defendant has appealed.

We think the petition would have been better had it alleged that the defendant accepted the engine within the ten days but we are of the opinion that there is sufficient alleged from which the inference may be drawn that the defendant did accept the engine within the ten days, because it is alleged that it *retained* the engine and did not return it to the plaintiff as it agreed to do in case it did not accept it, which is equivalent to charging that there was an acceptance. The testimony abundantly discloses, and the court so found, that the defendant did accept the engine within the ten days and that it should be held liable therefor.

The main insistence on the part of the defendant now is that the plaintiff neither alleged nor proved the

acceptance of the engine within the ten days and that until that fact was alleged and proven no liability was imposed upon the defendant; but, as we have stated, we are of the opinion that the petition is sufficient in that regard and the testimony of the plaintiff is ample to justify the judgment in this case on that theory.

The defendant does not stand in a very consistent attitude before this court, insisting that there was no acceptance, when we consider the contract and the position assumed by the defendant in the trial of the case, where its sole contention was that there had been a substituted or modified contract wherein the plaintiff had agreed to supply the new head, which was resolved by the trial court upon the facts against it. The defendant also in the trial court claimed that the engine was not complete by reason of the absence of the gas burner and requested and obtained a declaration of law upon that assumed fact, which the court found against it. The defendant is now here contending that there was not testimony to disclose that it accepted the engine, but we must hold that if it did not as a matter of fact accept it, it did as a matter of law, and that the plaintiff has sufficiently alleged facts from which that inference must be drawn.

The judgment of the trial court is affirmed. *Farrington* and *Sturgis, J. J.,* concur.